FILED

08 APR 23 AM 9:08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ-TINAJERO,<br><br>　　　　Defendant-Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO. 06-CV-2497 W<br>　　　　　03-CR-2144 W<br><br>ORDER DISMISSING MOTION FOR TIME REDUCTION BASED ON LACK OF JURISDICTION |

On January 8, 2008, Petitioner Jose Hernandez-Tinajero ("Petitioner"), a federal prisoner proceeding *pro se*, filed a habeas corpus petition under 28 U.S.C. § 2255. This is Petitioner's second 2255 habeas proceeding. Because he has not obtained an order from the Court of Appeals authorizing the filing of a second petition, the Court lacks jurisdiction to consider the petition.

I.   **BACKGROUND**

On July 2, 2003, Petitioner was arrested at the San Ysidro Port of Entry after attempting to enter the United States without the consent of the United States

1 Attorney General or his designated successor. On July 7, 2003 Respondent filed a one-
2 count information charging Petitioner with violation of 8 U.S.C. §1326, Attempted
3 Entry After Deportation.

4     On August 19, 2003, Petitioner pled guilty before Judge Howard B. Turrentine
5 to the information pursuant to a signed written plea agreement. Petitioner was
6 sentenced to ten months in custody and three years supervised release.

7     On August 6, 2006, this Court revoked Defendant's supervised release and
8 sentenced him to eight months in custody, to run consecutive to any other sentence
9 Petitioner may be serving. On November 3, 2006, Petitioner commenced his first
10 section 2255 habeas corpus proceeding. The petition was denied on September 25,
11 2007. On January 8, 2008, Petitioner filed a second habeas petition under 28 U.S.C.
12 § 2255.

## II. DISCUSSION

15     Under 28 U.S.C. § 2255(h), a second or successive habeas petition "must be
16 certified as provided in section 2244 by a panel of the appropriate court of appeals...."
17 See also 28 U.S.C. § 2244(b)(3)(A) (requiring that "[b]efore a second or successive
18 application... is filed in the district court, the applicant shall move in the appropriate
19 court of appeals for an order authorizing the district court to consider the application.")

20     In the first 2255 motion, Petitioner sought relief on two grounds: (1) ineffective
21 assistance of counsel; and (2) imposition of three years of supervised release under 18
22 U.S.C. § 3583 was unconstitutional. In the second motion, Petitioner argues that his
23 sentence is unconstitutional because, as an "alien," he is allegedly being denied sentence
24 reductions that are available to United States citizens.

25     Petitioner has not obtained an order from the Ninth Circuit authorizing this
26 Court to consider the second habeas corpus petition. Petitioner's failure to obtain
27 permission from the appropriate court of appeals deprives the district court of
28

jurisdiction to consider a successive Section 2255 motion. <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).

### III. CONCLUSION AND ORDER

For the reason listed above, the Court **DISMISSES** Petitioner's motion for a reduction of time under 28 U.S.C. § 2255 [Doc. No. 29] for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

DATE: April 21, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES AND COUNSEL OF RECORD